# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAL-RED FACILITY, LLC dba ASISTENCIA VILLA REHABILITATION & CARE CENTER, a California Skilled Nursing Facility; and DIANE MACHAIN, an individual, DOES 1-25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JULIA RIOS DE VITELA, deceased, by and through her personal legal representative and successor in interest, GREGORIO VITELA; GREGORIO VITELA, individually; ELVIRA BOWER, individually; MELODY VITELA, individually; and VALERIE WILKINS, individually,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 16 2021

BY _____
NICOLE CARTWRIGHT, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Justice Center 247 West Third Street San Bernardino, CA 92415 | **CASE NUMBER:** *(Número del Caso):* **CIV SB 2116579** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Christian R. Oliver, Esq. The Barnes Firm, LC, 655 West Broadway, Suite 940, San Diego, CA 92101, (800) 800-0000

**DATE:** *(Fecha)* JUN 16 2021

Clerk, by *(Secretario)* Nicole Cartwright, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

39

ALLEN R. OGHASSABIAN, SBN 292653
CHRISTIAN R. OLIVER, SBN 313192
**THE BARNES FIRM, LC**
655 W. Broadway, Ste 940
San Diego, California 92101
Tel: 800.800.0000 Fax: 888.800-7050
Email: allen.oghassabian@thebarnesfirm.com
Email: christian.oliver@thebarnesfirm.com

Attorneys for Plaintiffs

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 04 2021

BY _____
NICOLE CARTWRIGHT DEPUTY

COPY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| JULIA RIOS DE VITELA, deceased, by and through her personal legal representative and successor in interest, GREGORIO VITELA; GREGORIO VITELA, individually; ELVIRA BOWER, individually; MELODY VITELA, individually; and VALERIE WILKINS, individually,<br><br>        Plaintiffs,<br>v.<br><br>CAL-RED FACILITY, LLC dba ASISTENCIA VILLA REHABILITATION & CARE CENTER, a California Skilled Nursing Facility; and DIANE MACHAIN, an individual, DOES 1-25, inclusive,<br><br>        Defendants, | Case No.: **CIVSB 2 1 1 6 5 7 9**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. **Elder Abuse and Neglect**<br>   **(Welf. & Inst. Code, §15600, et seq.)**<br>2. **Violation of Patient Rights**<br>   **(Health & Safety Code §1430(b))**<br>3. **Negligence**<br>4. **Wrongful Death** |

All allegations set forth in this Complaint are based on information and belief except those allegations which pertain to Plaintiff herein and their counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after reasonable opportunity for further investigation and discovery.

## THE PARTIES

1.     Plaintiff Decedent JULIA RIOS DE VITELA ("Decedent JULIA") was born on June 16, 1936 and died on May 2, 2020.

1

**COMPLAINT**

2.      Decedent JULIA was a victim of elder abuse and at all times relevant herein, an "elder" or "dependent adult" as defined by Welfare & Institutions Code § 15610.23(b), and had physical limitations restricting her ability to carry out normal activities and protect her rights as discussed more fully *infra*.

3.      At all times relevant to this action herein, Decedent JULIA was a resident of the State of California and County of San Bernardino.

4.      Plaintiff GREGORIO VITELA ("GREGORIO") is an adult individual, the surviving husband of Decedent JULIA, and he brings the survival claims of Elder Abuse and Neglect and Violation of Patient Rights on behalf of Decedent JULIA, in his capacity as her personal legal representative and Successor in Interest.

5.      Filed concurrently herewith is GREGORIO's Declaration pursuant to Code of Civil Procedure § 377.32.

6.      GREGORIO is the surviving husband of Decedent JULIA. He brings the Wrongful Death action in his individual capacity as Decedent JULIA's heir.

7.      At all times relevant to this action herein, GREGORIO was a resident of the State of Nevada and County of Clark.

8.      At all times relevant to this action herein, ELVIRA BOWER is a surviving child of Decedent JULIA and was a resident of the State of Nevada and County of Clark.

9.      At all times relevant to this action herein, MELODY VITELA is a surviving child of Decedent JULIA was a resident of the State of California, County of Riverside.

10.     At all times relevant to this action herein, VALERIE WILKINS is a surviving child of Decedent JULIA was a resident of the State of Nevada and County of Clark.

11.     At all times relevant to this action herein, the Skilled Nursing Facility ("SNF") known as the ASISTENCIA VILLA REHABILITATION & CARE CENTER ("Defendant FACILITY") was located at 1875 Barton Road, Redlands, California 92373.

12.     Plaintiffs are informed and believe, and based upon information and belief

2

**COMPLAINT**

1  allege, that Defendant CAL-RED FACILITY, LLC was doing business as ("dba") Defendant
2  FACILITY.

3      13.    Plaintiffs are informed and believe, and based upon information and belief
4  allege, that at all times relevant herein, Defendant CAL-RED FACILITY, LLC owned the
5  Defendant FACILITY.

6      14.    Plaintiffs are informed and believe, and based upon information and belief
7  allege, that at all times relevant herein, Defendant CAL-RED FACILITY, LLC operated the
8  Defendant FACILITY.

9      15.    Plaintiffs are informed and believe, and based upon information and belief
10  allege, that at all times relevant herein, Defendant CAL-RED FACILITY, LLC (hereinafter
11  "CAL-RED (THE LICENSEE)") was the Licensee for the Defendant FACILITY.

12      16.    Plaintiffs are informed and believe, and based upon information and belief
13  allege, that CAL-RED (THE LICENSEE) was at all times relevant herein, a California
14  registered foreign corporation.

15      17.    Plaintiffs are informed and believe, and based upon information and belief
16  allege, that Defendant CAL-RED (THE LICENSEE)'s principal executive office is located
17  at 10960 Wilshire Blvd., 5th Floor, Los Angela's, California 90024.

18      18.    Plaintiffs are informed and believe, and based upon information and belief
19  allege, that Defendant DIANE MACHAIN was the administrator of the Defendant Facility,
20  and at all times relevant herein, was a California resident.

21  <u>**JURISDICTION AND VENUE**</u>

22      19.    This Court has jurisdiction over the causes of action asserted pursuant to
23  California Code of Civil Procedure § 410.10.

24      20.    The acts alleged in this complaint occurred in the County of San Bernardino.

25      21.    The Defendants, and each of them, have sufficient minimum contacts in
26  California based on conducting business in California or otherwise intentionally avail

27

28

3

**COMPLAINT**

1  themselves of the California market though their provision of services in the County of San

2  Bernardino, so as to render them essentially at home in California and making the exercise

3  of jurisdiction by the California courts consistent with traditional notions of fair play and

4  substantial justice.

5       22.    Venue is proper in this Court pursuant to California Code of Civil Procedure

6  §§ 395 and 395.5  based on the facts, without limitation, that this Court is a court of

7  competent jurisdiction, that at least one Defendant either resides or does business in the

8  County of San Bernardino, and because the injuries to the persons complained of herein

9  occurred in the County of San Bernardino.

10                             **BACKGROUND ALLEGATIONS**

11       23.    Plaintiffs are informed and believe, and based upon information and belief

12  allege, that a licensee is responsible for compliance with licensing requirements and the

13  organization, management, operation, and control of the facility. The general duties of a

14  licensee are set forth in Title 22 of the California Code of Regulations, § 72501. Certain

15  duties are non-delegable including the responsibility for compliance with regulations and

16  the management and control of the SNF. Delegation of authority by a licensee shall not

17  diminish the responsibilities of the licensee. Therefore, even where a licensee delegates

18  operational control to another person or entity, that licensee remains directly liable for

19  management, operation, and control of the facility. (Cal. Code Regs., tit. 22, § 72501(a).)

20       24.    Plaintiffs are informed and believe, and based upon information and belief

21  allege, that Defendants dba the Defendant FACILITY were subject to the requirements of

22  federal and state laws and regulations that govern the operation of a SNF in California. In

23  connection with its operation of the Defendant FACILITY, Defendants had a substantial

24  and ongoing caretaking and custodial relationship involving ongoing responsibility for the

25  basic needs of its residents, including Decedent JULIA.

26       25.    Plaintiffs are informed and believe, and based upon information and belief

27

28

**COMPLAINT**

1  allege, by law, Defendant CAL-RED (THE LICENSEE) of SNFs operating in California must

2  delegate to a designated administrator, in writing, the authority to organize and carry out

3  the day-to-day functions of the SNF. During Decedent JULIA's admission to the Defendant

4  FACILITY, the Defendant FACILITY had an Administrator, believed to be Diane Machain,

5  who was responsible for the administration and management of the SNF in accordance

6  with Title 22 of the California Code of Regulations § 72513. The Administrator was a

7  managing agent of Defendant CAL-RED (THE LICENSEE) and had care or custody of

8  Decedent JULIA.

9      26.    Plaintiffs are informed and believe, and based upon information and belief

10 allege, Defendants, and each of them, had the duty to employ an adequate number of

11 qualified personnel to carry out all of the functions of the SNF. (Health & Safety Code §

12 1599.1(a); Cal. Code Regs., tit. 22, § 72501, subd. (e)) Adequate staffing is essential to

13 proper patient care and outcomes. There is no greater predictor of patient outcome in a

14 skilled nursing facility than understaffing. The standard of care codified at 42 U.S.C. §§

15 482.30 and 483.25 is to provide sufficient qualified nursing staff for nursing and related

16 services to attain or maintain the highest practicable physical, mental, and psychosocial

17 well-being of each resident, as determined by resident assessments, and plans of care.

18 Because these requirements are codified in state and federal regulations, everyone

19 involved in nursing home operations, including the owners, operators, managers,

20 administrators, and directors of nursing in this case, understands the direct relationship

21 between quality staff and patient outcomes.

22     27.    Plaintiffs are informed and believe, and based upon information and belief

23 allege, in addition to Defendants' duty to have sufficient numbers of well-qualified and

24 trained staff, Defendants had a duty to ensure that the Defendant FACILITY was operated

25 in a way that respected and did not violate well-recognized resident rights under California

26 Code of Regulations, title 22; Health and Safety Code section 1599.1; 42 U.S.C. §§ 1395-

27

28

---

5

**COMPLAINT**

44

1 | 1396; and 42 Code of Federal Regulations part 483.

2 |      28.    Plaintiffs are informed and believe, and based upon information and belief
3 | allege, the Defendant FACILITY and CAL-RED FACILITY, LLC were under common
4 | ownership and control.

5 |      29.    Plaintiffs are informed and believe, and based upon information and belief
6 | allege, Defendants were responsible for ensuring the Defendant FACILITY was operated
7 | in full compliance with federal and state laws and regulations governing operations of a
8 | SNF, and for all aspects of the organization, management, operation, and control of the
9 | Defendant FACILITY.

10 |      30.    Plaintiffs are informed and believe, and based upon information and belief
11 | allege, Decedent JULIA's injuries arose out of the organization, management, operation
12 | and control of the Defendant FACILITY by Defendant CAL-RED (THE LICENSEE) and
13 | Defendant CAL-RED FACILITY, LLC in their capacity as owner/operator of the Defendant
14 | FACILITY.

15 |      31.    Plaintiffs are informed and believe, and based upon information and belief
16 | allege, Defendants, each of them, share a joint responsibility for Decedent JULIA's injuries
17 | and death.

18 |      32.    Plaintiffs are informed and believe, and based upon information and belief
19 | allege, that at all times relevant herein, Defendants managed and controlled the Defendant
20 | FACILITY and made critical decisions regarding staffing budget and census, resulting in
21 | nurse staffing which fell below the legal minimum. Defendant CAL-RED (THE LICENSEE)
22 | and Defendant CAL-RED FACILITY, LLC benefited financially from the policies and
23 | procedures, decisions, control, and management of the Defendant FACILITY in the form
24 | of income and profits received from the Defendant FACILITY.

25 |      33.    Plaintiffs are informed and believe, and based upon information and belief
26 | allege, that if Defendant CAL-RED FACILITY, LLC and Defendant FACILITY are not

27 |

28 |

**COMPLAINT**

1  treated as a single enterprise or alter-egos of each other, a severe injustice will result.

2  Allowing Defendants to avoid legal responsibility for actions taken at the Defendant

3  FACILITY level, which they directed and caused, would be unfair and unjust.

4        34.    Plaintiffs are informed and believe, and based upon information and belief

5  allege, Defendants engaged in elder abuse and other wrongful conduct against Decedent

6  JULIA.

7        35.    The true names and capacities, whether individual, corporate partnership,

8  associate, or otherwise of Defendants named herein as DOES 1-25, inclusive, are

9  unknown to Plaintiff, who therefore sue those Defendants by such fictitious names. Plaintiff

10  will seek leave to amend this complaint to allege the true names and/or capacities and/or

11  involvement of said fictitiously named Defendants when ascertained. Plaintiff is informed

12  and believes, and thereon alleges, that each of the Defendants designated as a DOE is

13  responsible in some manner for the events and happenings herein referred to and thereby

14  legally caused the injuries and damages herein alleged.

15        36.    On information and belief, DOES 1 through 10 at all times mentioned herein

16  owned, operated, managed, supervised, controlled, maintained, or were otherwise

17  responsible for the business activities of Defendant FACILITY. Such DOES would include

18  officers, directors, controlling shareholders, partners, and/or governing board members,

19  persons in *de facto* control of healthcare, operators, and/or employees of Defendant

20  FACILITY. At all times relevant to this action, DOES 1 through 10 helped set and enforce

21  policies and procedures for the services rendered to clients of Defendant FACILITY.

22        37.    On information and belief, DOES 11 through 15 may be staff or contracted

23  personnel of Defendant FACILITY, including physicians, licensed nurses, aides, social

24  workers, business office personnel, and/or other clinical, or administrative personnel

25  including, without limitation, persons directly or indirectly responsible for provision of patient

26  care, persons having made representations or warranties to Plaintiffs, and/or persons

27

28

1   acting in concert with other Defendants.

2       38.   On information and belief, DOES 16 through 25 include persons directly or

3   indirectly responsible for provision of care to Decedent JULIA, including but not limited to

4   physicians, medical groups, managed care organizations, acute care hospitals, home

5   health agencies, visiting nurses, therapists, and/or other ancillary care providers who saw,

6   examined, evaluated, observed and/or treated or failed to treat Decedent JULIA  leading

7   to injury or death and/or persons having made representations or warranties to or from the

8   Department of Social Services, the Department of Public Health, the Long Term Care

9   Ombudsman, Adult Protective Services, Defendant FACILITY, and/or anyone purporting

10  to act on behalf of or in concert with these persons or entities. The identities of such

11  persons or entities are unknown to Plaintiff and Plaintiff will seek leave to amend when

12  those identities are ascertained. Plaintiff is informed and believes, and thereon alleges,

13  that each of the Defendants designated as a DOE is responsible in some manner for the

14  events and happenings herein referred to and thereby legally caused the injuries and

15  damages herein alleged.

16      39.   Upon information and belief, Plaintiff further alleges that each Defendant and

17  DOES 1-25 were the agent, servant, employee, joint venturer, and/or partner of each Co-

18  Defendant, and at all times acted within the course and scope of said agency, employment,

19  venture, and/or partnership pursuant to the policies, practices, procedures, written or

20  otherwise, and with the advance knowledge, acquiescence, or subsequent ratification of

21  each Co-Defendant.

22      40.   Upon information and belief, Plaintiff further alleges that each Defendant and

23  DOES 1-25 are liable for the acts of each other through principals and/or respondent

24  superior, agency, ostensible agency, partnership, alter-ego and/or other form(s) of

25  vicarious liability. Consequently, each Defendant is jointly and severally liable to Plaintiffs

26  for damages sustained as a proximate result of his, her, or their conduct.

27

28

8

**COMPLAINT**

41.   Decedent JULIA was admitted to Defendant FACILITY in February of 2020 for assistance and therapy in recovering from a stroke. She required skilled and custodial services to meet her care needs.

42.   Decedent JULIA had a history of high blood pressure, diabetes, stroke, chronic respiratory failure, anemia and was deemed "cognitively impaired." She had a tracheostomy tube in to aid in her breathing, which made communication difficult for her as well as put her at higher risk for developing airway related infections.  She was classified by the defendant FACILITY as at risk for dehydration, malnutrition, weight loss, aspiration-related pneumonia, aspiration of pathogenic bacteria, ineffective airway clearance, adult respiratory distress syndrome, chronic obstructive pulmonary disease, asthma, and dyspnea/shortness of breath. As a result of her physical and mental condition, she was dependent on others for her activities of daily living including, but not limited to, personal hygiene, continence care, transferring in and out of bed, eating, drinking, and managing her medication.

43.   Defendants failed to properly assess to gather information to make decisions about suitable interventions to avoid individualized health risks. The care plan must set goals to provide benchmarks for evaluating whether the planned care interventions are effective. The staff must assess and reassess the resident to determine whether the care plan goals are being met.  If the interventions are not working, the care plan must be modified to include alternative treatment interventions.  If the resident has a change of condition, he or she must be reassessed to determine if the care plan needs to be modified as a result of the resident's new condition and/or baseline. Care planning is an ongoing interdisciplinary process that is critical to patient outcomes.

44.   Decedent JULIA had a history of chronic respiratory failure, diabetes, stroke and high blood pressure.

45.   Defendants knew, or should have known, that prevention and care is

9

**COMPLAINT**

especially important among nursing home residents such as Decedent JULIA, who are more susceptible to respiratory infection/syndrome due to their age and medical conditions.

46. However, Defendant FACILITY failed to provide adequate care to Decedent JULIA and failed to effectively develop, implement, and modify care plans for her individualized care needs.

47. Decedent JULIA required full assistance with eating and drinking. Yet the records documented by ASISTENCIA VILLA REHABILITATION & CARE CENTER reflect that Defendants failed to provide the full assistance she required.

48. During Decedent JULIA's stay at Defendant FACILITY, her family visited once every weekend and at most every other weekend to check on her.

49. Sometime during March of 2020, Defendant FACILITY no longer allowed visitors in the facility.

50. In or around April of 2020, it was reported that approximately 6 cases of COVID-19 have been confirmed at Defendants' FACILITY. Defendant FACILITY employees began to fail to show up for work. Defendant FACILITY failed to provide required care to the facility's residents and placed them in harm's way.

51. On April 29, 2020, Decedent JULIA tested positive for COVID-19.

52. On May 2, 2020, Decedent JULIA was transported to Redlands Community Hospital's Emergency Room due Sepsis Syndrome. Upon admission to the emergency room, Decedent JULIA was found to be slowly deteriorating.

53. Over the next few hours, Decedent JULIA's health continued to decline. She was diagnosed with septic shock, chronic respiratory failure, healthcare associated pneumonia, urinary tract infection, acute kidney injury and hyperkalemia.

54. Unsurprisingly, Decedent JULIA's health continued to deteriorate. Decedent JULIA could not recover from her extreme respiratory infection/syndrome and other injuries and died on May 2, 2020.

10

**COMPLAINT**

///

## FIRST CAUSE OF ACTION

## ELDER ABUSE AND NEGLECT

### [Welfare & Institution Code §§ 15600, et seq.]

### (Against All Defendants)

55.     Plaintiffs hereby incorporates by reference Paragraph 1 through 54 of this Complaint as though fully set forth herein.

56.     Decedent JULIA, at all times relevant herein, was over the age of 65 and thus an "elder" as that term is defined in Welfare and Institutions Code § 15610.27.

57.     Decedent JULIA was not able-bodied and was unable to take care of her own needs during the time she was under the care and custody of Defendants, while a resident of Defendant FACILITY. Decedent JULIA had a history of high blood pressure, diabetes, stroke, chronic respiratory failure, anemia and was deemed "cognitively impaired." She had a tracheostomy tube in to aid in her breathing.  She was, thus, dependent on Defendants' care staff for all her activities of daily living including assistance in dressing, grooming, bathing, toileting, medication management, and feeding.

58.     Accordingly, Defendants and each of them, had a substantial ongoing caretaking and custodial relationship with Decedent JULIA, while she was a resident at the Defendants' FACILITY.  Decedent JULIA was dependent on Defendants, and each of them, for all of her custodial and other care needs.

59.     Each resident of Defendants' FACILITY is an elder and/or dependent adult as defined by Welfare & Institutions Code §§ 15610.23 and 15610.27, respectively. Defendants knew or should have known that their conduct, as described herein, was directed to one or more elder and/or dependent adults. Because of her age, condition, restricted mobility, and disability, Decedent JULIA was substantially more vulnerable to the conduct of Defendants than other members of the public.

11

COMPLAINT

60.    Defendants had a duty to Decedent JULIA to provide access to care and treatment to prevent the development of wounds, infection/syndrome, pain, malnutrition, and dehydration; to ensure medical care that was needed was actually provided; and to accept and retain only those residents for whom it could provide adequate care, supervision, and assistance. Because Defendant FACILITY accepted and retained Decedent JULIA as a resident, they owed a duty to Decedent JULIA to act reasonably in the discharge of their duties and to not willfully or recklessly ignore Decedent JULIA's medical care needs or cause unnecessary suffering. Without limiting the foregoing, Defendants owed the following duties to Decedent JULIA:

a.    Duty to identify individualized care needs based on assessment of patient's needs with input from patient and, if necessary, health professionals involved in the care of the patient (Cal. Code Regs., tit. 22, § 72311(a)(1)(A)); 42 C.F.R. §§ 483.10(f), 483.20(b)(1); 42 U.S.C. § 1395i-3(b)(3));

b.    Duty to provide care as implemented by individualized written patient care plan indicating the care to be given, objectives to be accomplished, and the professional discipline responsible for each element of care (Cal. Code Regs., tit. 22, § 72311(a)(1)(B); 42 C.F.R. § 483.10(c));

c.    Duty to review, evaluate, and update patient care plans as necessary and more often if there is a change of the patient's condition (Cal. Code Regs., tit. 22, § 72311(a)(1)(C));

d.    Duty to provide care as implemented by the patient care plan according to the methods indicated (Cal. Code Regs., tit. 22, § 72311(a)(2); 42 U.S.C. § 1395i-3(b)(4));

e.    Duty to provide care pursuant to physician's orders in the

12

**COMPLAINT**

administration of medication and/or treatment, to provide medication and treatment as prescribed, and prepare a record of the administration of medication and treatment (Cal. Code 17 of Regs., tit. 22, §§ 72313 (a)(1)-(2) and (c));

f.  Duty to record nurses' notes that are clear and legible, dated and signed, among other qualifications, including narratives or how a patient responds, eats, drinks, looks, feels, and reacts (Cal. Code Regs., tit. 22, § 72547(a)(5));

g.  Duty to provide the resident or responsible party with the opportunity to participate in an immediate and ongoing basis in the total plan of care including identification of medical, nursing, and psychosocial needs and the planning of related services (Cal. Code Regs., tit. 22, § 72527(a)(3); 42 C.F.R. § 483.10(c));

h.  Duty to provide care in such a manner and in such an environment by facility staff to be free from mental and physical abuse and neglect (Cal. Code Regs., tit. 22, § 72527(a)(10); 42 C.F.R. § 483.12;

i.  Duty to provide care in such a manner and in such an environment to prevent formation and progression of pressure ulcers including turning and repositioning; using pressure-reducing devices where indicated; provide care to maintain clean, dry skin free of feces and urine; and carry out physician orders for treatment of ulcers (Cal. Code Regs., tit. 22, § 72315(f); Health & Saf. Code, § 1599.1(b));

j.  Duty to provide adequate personal hygiene, nutrition, and fluids to prevent malnutrition, dehydration, and promote wound healing (Cal. Code of Regs., tit. 22, §§ 72315(d)(g)(h); Health & Saf. Code, § 1599.1(b));

13

**COMPLAINT**

k.   Duty to provide adequate number of qualified personnel to carry out all functions of the facility and to meet patients' needs as well as adequate training and competent supervision (Cal. Code of Regs., tit. 22, §§ 72329 and 72329.1; Health & Saf. Code, § 1599.1(a); 42 C.F.R. §§ 483.35, 483.95).

l.   Duty to treat residents with consideration, respect, and full recognition of dignity (Cal. Code Regs., tit. 22, § 72527(a)(12)); and,

m.   Duty to notify physician of any change of condition and to note all attempts to notify physician in patient's health record (Cal. Code Regs., tit. 22, § 72311(a)(3) and (b)).

61.   In addition, and without limiting the generality of the foregoing, Defendants owed the following duties to Decedent JULIA and committed elder neglect by: failing to implement policies and procedures to ensure resident care needs are met; failing to provide training on the policies and procedures to ensure resident care needs are met; failing to ensure physician care is provided; failing to plan a budget whereby staffing levels are adequate; failing to allocate sufficient resources to staff Defendant FACILITY in both quantity and quality caregivers; and failing to comply with state and federal laws and regulations pertaining to SNFs.

62.   Defendants conduct further constitutes neglect as that term is defined in Welfare and Institutions Code § 15610.57 to include "the negligent failure of any person having the care or custody of an elder or a dependent adult to exercise that degree of care that a reasonable person in a like position would exercise, including but not limited to:

a.   Failure to assist in personal hygiene, or in the provision of food, clothing, or shelter.

b.   Failure to provide medical care for physical and mental health needs;

c.   Failure to protect from health and safety hazards;

14

**COMPLAINT**

1            d.  Failure to prevent malnutrition or dehydration.

2       63.  Pursuant to California law, Defendants are required to provide an elder, such as Decedent JULIA, "basic services" including, a duty to continually assess Decedent JULIA's condition, a duty to note changes in Decedent JULIA's condition, and a duty to immediately notify Decedent JULIA's physician and family of changes.  Defendants similarly had a duty to create and update adequate plans of care, and to receive, note, and follow physicians' orders. Defendants had a duty to treat Decedent JULIA with dignity and respect, and to provide adequate numbers of nursing and other similar staff to assist her. Defendants had a duty to employ adequately trained staff. Yet Defendants failed to provide medical care and custodial care sufficient to meet Decedent JULIA's physical and mental health needs and failed to protect her from health and safety hazards, as described in detail herein.

12       64.  Defendants, knew that Decedent JULIA was an elder who required assistance to meet her basic needs, yet failed to provide for those needs, even with knowledge of Decedent JULIA's high risk for injury, her dependence on Defendants, and the substantial certainty that Decedent JULIA would be injured if these needs were not provided for. Defendants' failure to provide Decedent JULIA with the care, assistance, and monitoring that he required caused her harm.

18       65.  Defendants denied and withheld basic care to Decedent JULIA despite the knowledge that by doing so, injury was substantially certain to befall her or with conscious disregard of the high probability of such injury. Defendants' denial and withholding of basic care to Decedent JULIA caused her injuries, needless suffering, and emotional distress. Furthermore, Defendants withheld medical care by failing to assess and reassess Decedent JULIA's condition, update individualized care plan(s), and monitor her condition to see whether she was improving, or worsening.

25       66.  Defendants failed to provide Decedent JULIA with the care and treatment she needed, failed to ensure adequate nutritional and fluid intake, promote and maintain

---

**15**

**COMPLAINT**

1   personal hygiene, and monitor and manage her pain levels. Defendants failed to monitor,
2   assess, and reassess Decedent JULIA's deteriorating condition and to report her changes
3   of condition to her physician and/or family to arrange for a higher level of care. Thus, there
4   was repeated withholding of care when Defendants failed to implement care plans with
5   adequate monitoring of her intake and output.

6         67.    Defendants failed to meet Decedent JULIA's need for care and basic
7   services, to avoid needless suffering, injury, and emotional distress, by making a conscious
8   choice to understaff the nursing home, in both quantity and quality of nursing personnel.
9   The decision to understaff was made at the corporate level by Defendant CAL-RED (THE
10  LICENSEE) to increase the profitability of the nursing home, in conscious disregard of
11  patient care needs. Defendants, together with its directors, officers, and managing agents
12  including the Administrator, Director of Nursing, and Medical Director, conceived of and
13  implemented a plan to increase business profits at the expense of residents like Decedent
14  JULIA and other Defendant FACILITY residents. Integral to this plan was the practice and
15  pattern of Defendants' staffing its facilities with an insufficient number of care personnel,
16  many of whom were not properly trained nor qualified to care for the elders whose lives
17  were entrusted to them. The understaffing and lack of training was designed to reduce labor
18  costs and to increase profits and resulted in high staff turnover and the physical abuse and
19  neglect of many residents of the facilities and most specifically, Decedent JULIA. This
20  corporate policy to not maintain sufficient staffing, as required by law, was developed and
21  implemented with the conscious disregard for the likelihood of physical harm and injury to
22  those who it is in the business to protect, including Decedent JULIA, who did in fact suffer
23  as a direct consequence of the Defendants' proprietary interests, which it placed above that
24  of Decedent JULIA, and other residents/patients.

25        68.    Defendants had a duty to employ adequate numbers of sufficiently staffed
26  employees to provide minimum services and oversight of residents, policies and procedures
27

28

**COMPLAINT**

1 to ensure that basic services and oversight are implemented to assure the health and safety

2 of residents, employment and training of staff such that staff is experienced and competent

3 to perform the job duties necessary to assure safety and oversight of residents, accepting,

4 training, and employing staff in a manner that avoids "a revolving door" of crucial managerial

5 employees such that there is little or no continuity and/or an absence of crucial managerial

6 employees at critical times, such as the initial admission of a resident to the FACILITY.

7       69.    Defendants knew or should have known that by understaffing their facilities,

8 in quantity and quality, they were putting Defendant FACILITY residents, including

9 Decedent JULIA, at risk for known, harmful, life threatening conditions, including

10 dehydration and death. This is because Defendants, and each of them, including the

11 owners, operators, administrators, and directors of nursing understand the direct

12 relationship between staffing and patient outcomes. The higher the staffing ratio, the better

13 the patient outcome.

14       70.    Defendants, and each of them, knew or should have known that Defendant

15 FACILITY's operation was designed and operated in a manner to circumvent its legal duty

16 to comply with applicable statutes and regulations to maximize profitability. That knowledge

17 was exclusively in the possession of the Defendants. Decedent JULIA and her family had

18 no such knowledge, nor the opportunity to obtain such knowledge and information.

19 Decedent JULIA and her family believed that Defendants' business operations were, as

20 represented by the Defendants, properly run in compliance with the law and that the care

21 afforded to its residents was within all State guidelines. They understood that the

22 management and staff at Defendant FACILITY were "experts" and were readily familiar,

23 capable, able, and committed to the care and oversight of residents such as Decedent

24 JULIA. Such representations were fraudulent.  Further, Defendants' conduct was reckless

25 and in conscious disregard of Decedent JULIA's rights and safety.

26       71.    Defendants convinced Decedent JULIA and her family they were able to

27

28

17

**COMPLAINT**

1   meet her care needs. Defendants knew those promises and assurances were untrue.

2   Defendants knew the Defendant FACILITY was rated poorly and was in fact a failing facility

3   providing poor care when they made those statements.  Defendants knew the Defendant

4   FACILITY was not properly staffed, was not providing proper care, and would not provide

5   proper care to Decedent JULIA. The purpose of their promises and assurances was to

6   induce Decedent JULIA to select Defendant FACILITY purely for financial gain. Their

7   statements were false and were part of Defendants' business model of making fraudulent

8   representations to elderly and dependent persons like Decedent JULIA. This constitutes

9   unfair business practices directed at the elderly.

10          72.     This continual pattern of withholding care and understaffing at Defendant's

11  FACILITY was well known to the Defendants and their officers, directors, and managing

12  agents, Administrator, Director of Nursing, and Medical Director. Upon information and

13  belief, Defendant FACILITY's Administrator, Director of Nursing, and Medical Director

14  routinely reported up the chain of command to corporate managing agents about what was

15  happening on the floor at the nursing home.  Upon information and belief, Defendant

16  FACILITY's Administrator, Director of Nursing, and Medical Director also routinely reported

17  admission, discharge and staffing data, and Defendants directed and controlled the staffing

18  budget by allocating resources, setting staffing minimums and maximums, and directing

19  staff to patient ratios. By law, Defendants were responsible for setting policies and

20  procedures to be implemented in the Defendant FACILITY and provide supervision and

21  oversight of administration and nursing services by and through managers and directors.

22          73.     These corporate managing agents had a duty to direct the nurses and staff

23  yet did not make the necessary changes at Defendant FACILITY, even with knowledge of

24  substandard care, failures to assess, monitor, and respond to changes in resident condition,

25  inadequate custodial care, inadequate hygiene, and inadequate safety measures at the

26  facility. The managing agents of each Defendant knew or should have known of the lack of

27

28  _____

                                    18

                                **COMPLAINT**

1 proper custodial care to its patients, as well as its understaffing, poor training, and the failure
2 to implement care plans based on internal reporting and also the oversight, monitoring, and
3 reporting of the Department of Public Health. Any and all findings of the Department of
4 Public Health regarding care failures at Defendant FACILITY were reported up the corporate
5 chain. Despite each Defendant's conscious knowledge of these conditions, the managing
6 agents of each Defendant did not take appropriate and adequate steps to prevent and
7 correct them, and they did not inform Decedent JULIA or her family of what they knew about
8 these dangerous conditions.

9       74.     Defendants, and their officers, directors and managing agents of the
10 Defendants' FACILITY, including the Administrator, Director of Nursing, and Medical
11 Director, knew or should have known that the Defendants' FACILITY's operation was
12 designed in a manner so as to maximize profitability by circumventing the legal duty to
13 assure the health, safety, and oversight of residents such as Decedent JULIA and, in
14 particular, the duty to hire competent employees, to train those employees and to terminate
15 or discipline employees for misconduct towards the residents, including Decedent JULIA.
16 As a result, Defendants' and their officers, directors, and managing agents, including the
17 Administrator, Director of Nursing, and Medical Director, had knowledge of, ratified and/or
18 otherwise authorized all of the acts or omissions, which caused the injuries to Decedent
19 JULIA.

20      75.     LVNs are per se "unfit" to perform the functions of an RN, just as an RN is
21 per se "unfit" to perform the functions of a medical doctor. Here, Defendants authorized and
22 ratified the use of LVNs to perform assessments that they were not licensed or qualified to
23 perform. As a direct and proximate result of using unfit LVNs to perform assessments, the
24 LVN-based assessments and care plans done for Decedent JULIA were incomplete and
25 inadequate and resulted in Decedent JULIA not getting the interventions she needed to
26 prevent    her    becoming    dehydrated,    malnourished,    developing    respiratory
27

28

19

**COMPLAINT**

Infection/syndrome, and dying.

76.    As a proximate result of the abuse and neglect of Decedent JULIA by Defendant LVNs, and each of them, Decedent JULIA died on May 2, 2020.

77.    As a proximate result of the abuse and neglect of Decedent JULIA by Defendants and each of them, she was caused to incur medical expenses and other related expenses, all to her special damages in a sum to be established.

78.    As a proximate result of the abuse and neglect of Decedent JULIA by Defendants, and each of them, she suffered fear, anxiety, humiliation, physical pain and discomfort, and emotional distress, all to her general damages in a sum to be established.

79.    By the conduct, acts and omissions of Defendants, and each of them, as alleged above, they are guilty of recklessness, fraud, oppression, and/or malice. The specific facts set forth above show a disregard of the high probability that Decedent JULIA would be injured. In addition to special damages, Plaintiff is therefore entitled to an award of the reasonable attorney's fees and costs incurred in prosecuting this case as well as Decedent JULIA's pain and suffering and punitive damages pursuant to Welfare & Institutions Code § 15657 and Civil Code § 3294.

## SECOND CAUSE OF ACTION

## VIOLATION OF PATIENT RIGHTS

### [Health & Safety Code § 1430(b)]

### (Against Defendants CAL-RED FACILITY, LLC dba ASISTENCIA VILLA REHABILITATION & CARE CENTER and DOES 1-25)

80.    Plaintiff incorporates by reference Paragraphs 1 through 79 of this Complaint as though fully set forth.

81.    The acts and omissions of Defendants alleged above constitute violations of patients' rights within the meaning of Health and Safety Code § 1430(b). This statute allows a current or former resident to pursue damages, attorney's fees, and an injunction for

20

**COMPLAINT**

1    violations of patients' rights set forth in Title 22 of the California Code of Regulations § 72527

2    and other state and federal laws and regulations.

3        82.    Here, Defendants' conduct as described in the foregoing sections violated

4    several of Decedent JULIA's statutory rights, including but not limited to:

5        a.  Right to be treated with consideration, respect, and full recognition of

6            dignity (Cal. Code Regs., tit. 22, § 72527(a)(12));

7        b.  Right to have individualized individual care needs identified based on

8            assessment of patient's needs with input from patient and, if necessary,

9            health professionals involved in the care of the patient (Cal. Code Regs.,

10           tit. 22, § 72311(a)(1)(A); 42 C.F.R. §§ 19   483.10(f),  483.20(b)(1);  42

11           U.S.C. § 1395i-3(b)(3));

12       c.  Right to receive care as implemented by individualized written patient

13           care plan indicating the care to be given, objectives to be accomplished,

14           and the professional discipline responsible for each element of care (Cal.

15           Code Regs., tit. 22, § 72311(a)(1)(B); 42 C.F.R. § 483.10(c));

16       d.  Right to have patient care plans reviewed, evaluated, and updated as

17           necessary and more often if there is a change of the patient's condition

18           (Cal. Code Regs., tit. 22, § 26 72311(a)(1)(C));

19       e.  Right to receive care as implemented by the patient care plan according

20           to the methods indicated (Cal. Code Regs., tit. 22, § 72311(a)(2); 42

21           U.S.C. § 1395i-3(b)(4));

22       f.  Right to receive care pursuant to physician's orders in the administration

23           of medication and/or treatment, to have medication and treatment as

24           prescribed, and for a record of the administration of medication and

25           treatment prepared (Cal. Code of Regs., tit. 22, §§ 72313 (a)(1)-(2) and

26           (c));

27

28

21

**COMPLAINT**

g. Right to have a record of nurses' notes that are clear and legible, dated and signed, among other qualifications, including narratives or how a patient responds, eats, drinks, looks, feels, and reacts (Cal. Code Regs., tit. 22, § 72547(a)(5));

h. Right for the resident or responsible party to have the opportunity to participate in an immediate and ongoing basis in the total plan of care including identification of medical, nursing, and psychosocial needs and the planning of related services (Cal. Code Regs., tit. 11 22,          § 72527(a)(3); 42 C.F.R. § 483.10(c));

i. Right to have physician notified of any change of condition and to have all attempts to notify physician noted in patient's health record (Cal. Code Regs., tit. 22, § 72311(a)(3) and (b));

j. Right to receive pharmaceutical and physical therapy services for effective pain management (Cal. Code Regs., tit. 22, §§ 72355, 72403(b)(3));

k. Right to receive care in such a manner and in such an environment by facility staff to befree from mental and physical abuse and neglect (Cal. Code Regs., tit. 22, § 72527(a)(10); 42 C.F.R. § 483.12);

l. Duty to provide adequate number of qualified personnel to carry out all functions of the facility and to meet patients' needs as well as adequate training and competent supervision (Cal. Code of Regs., tit. 22, §§ 72329 and 72329.1; Health & Saf. Code, § 1599.1(a); 42 C.F.R. §§ 483.35, 483.95).

83.     Defendants violated the above-referenced patient's rights when they failed to provide appropriate services to prevent serious injury to Decedent JULIA.

84.     Plaintiff is entitled to attorney's fees and costs, in addition to other remedies

22

**COMPLAINT**

1 | set forth in Health and Safety Code § 1430(b).

2 | ### THIRD CAUSE OF ACTION

3 | ### NEGLIGENCE

4 | ### (Against ALL Defendants)

5 |
6 | 85.    Plaintiff incorporates by reference Paragraphs 1 through 84 of this Complaint as though fully set forth.

7 | 86.    At all times herein mentioned, Defendants had a duty to exercise reasonable
8 | and ordinary care in providing custodial care services to Decedent JULIA and/or in
9 | providing health care services to Decedent JULIA.

10 | 87.    At the above-mentioned times and place, Defendants, by their respective
11 | acts or omissions, were careless and breached their respective aforementioned duty owed
12 | to Decedent JULIA by: negligently and carelessly failing to exercise reasonable and
13 | ordinary care to provide custodial care services to Decedent JULIA; negligently and
14 | carelessly failing to exercise reasonable and ordinary care to provide health care services
15 | to Decedent JULIA; negligently and carelessly failing to adequately supervise and/or
16 | monitor Decedent JULIA; negligently and carelessly failing to hire, train and supervise;
17 | negligently and carelessly failing to exercise reasonable and ordinary care to provide
18 | custodial care services to Decedent JULIA; negligently and carelessly failing to be
19 | adequately staffed to appropriately care for and treat Decedent JULIA; negligently and
20 | carelessly failing to implement appropriate measure and interventions to ensure that
21 | Defendant FACILITY, as a SNF, was adequately staffed to appropriately care for and treat
22 | Decedent JULIA; negligently and carelessly failing to take appropriate measures to prevent
23 | injury to Decedent JULIA; negligently and carelessly failing to adequately assess the care
24 | needs of Decedent JULIA; negligently and carelessly failing to adequately implement
25 | appropriate interventions to address the care needs of Decedent JULIA; negligently and
26 | carelessly failing to have appropriate policies and procedures in place and for failing to

27 |

28 |

23

**COMPLAINT**

1  follow appropriate policies and procedures; and/or negligently and carelessly failing to

2  otherwise care for and treat Decedent JULIA consistent with the standard of care, which

3  upon information and belief, will be disclosed through discovery in the course of this

4  litigation.

5        88.    As a direct and proximate result of these tortious acts, omissions, and/or

6  conduct of Defendants, Plaintiff was damaged, injured, and harmed, all of which have

7  caused Decedent JULIA great mental, physical and emotional distress, pain and suffering,

8  all to Plaintiffs' damage in a sum to be determined according to proof at the time of trial.

9  **FOURTH CAUSE OF ACTION**

10  **WRONGFUL DEATH**

11  **(Against ALL Defendants)**

12        89.    Plaintiff incorporates by reference Paragraphs 1 through 88 of this Complaint

13  as though fully set forth.

14        90.    Plaintiff GREGORIO is the surviving heir and husband of Decedent JULIA.

15        91.    Plaintiffs ELVIRA BOWER, MELODY VITELA, and VALERIE WILKINS, are

16  the surviving heirs and children of Decedent JULIA.

17        92.    As a proximate result of the conduct alleged above, perpetrated by

18  Defendants, Decedent JULIA died on May 2, 2020.

19        93.    Prior to the death of Decedent JULIA, Plaintiffs enjoyed the love, society,

20  comfort, and attention of their wife and mother.

21        94.    As a proximate result of the wrongful act of Defendants, as alleged herein,

22  which caused the death of Decedent JULIA, Plaintiffs sustained pecuniary loss of the love,

23  comfort, companionship, solace, society, training, guidance, and attention of Decedent

24  JULIA, in a sum according to proof at trial.

25  **RELIEF REQUESTED / PRAYER**

26      1.    <u>On the First Cause of Action:</u>

27  24

28  **COMPLAINT**

a.  For compensatory damages in an amount in excess of the minimum jurisdiction of this court to be ascertained at the time of trial; and

b.  For special damages including past hospital, medical, professional, and incidental expenses, according to proof; and

c.  For interest on any compensatory damages;

d.  For attorney's fees and costs pursuant to Welfare & Institutions Code § 15657 and according to proof; and

e.  For punitive and/or exemplary damages pursuant to Welfare & Institutions Code § 15657 and Civil Code  § 3294; and

f.  For treble damages pursuant to Civil Code § 3345;

2.    On the Second Cause of Action:

a.  For statutory damages according to proof pursuant to Health & Safety Code section 1430(b); and

b.  For attorney's fees and costs pursuant to Health & Safety Code section 1430(b);

3.    On the Third and Fourth Causes of Action:

a.  For compensatory damages in an amount in excess of the minimum jurisdiction of this court to be ascertained at the time of trial; and

b.  For special damages including funeral and burial expenses, medical and incidental expenses according to proof; and

c.  For interest on any compensatory damages;

4.    On all counts

a.  For costs of suit; and

b.  Whatever further relief the court may find just and proper.

1   DATED: June 4, 2021         **THE BARNES FIRM, LC**

2

3

4                          By:

5                                Christian R. Oliver

6                                Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

26

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: June 4, 2021                    **THE BARNES FIRM, LC**


By: _____

Christian R. Oliver
Attorneys for Plaintiffs

27

**COMPLAINT**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE:      _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| ## INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.  This document must be filed and served at least 15 days prior to the trial setting conference date.**

1.  **Party or parties** (answer one):
    a.  ☐ This statement is submitted by party (*name*):
    b.  ☐ This statement is submitted jointly by parties (*names*):

2.  **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3.  **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4.  **Description of case** in Complaint:

5.  **Description of case** in Cross-Complaint:

6.  Has all discovery been completed:  Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7.  Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8.  **Related cases, consolidation, and coordination:**  Please attach a Notice of Related Case.

    ☐ A motion to ☐ consolidate   ☐ **Trial dates requested: Yes** ☐   No ☐   Available dates: _____
    Time estimate: _____

9.  **Other issues**:
    ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Rios De Vitela et al -v-  Cal-Red Facility, LLCet al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number CIVSB2116579 |

The Barnes Firm, LC
655 W. Broadway, Ste 940
San Diego, Ca 92101

This case has been assigned to:  Wilfred J Schneider, Jr. in Department S32 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  12/16/2021  at 9:00 AM in Department S32 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date:  6/16/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
Nicole Cartwright, Deputy Clerk

------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐  Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒  Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐  A copy of this notice was given to the filing party at the counter.

☐  A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  6/16/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 6/16/2021 at San Bernardino, CA.

By: _____
Nicole Cartwright, Deputy Clerk



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Rios De Vitela et al -v- Cal-Red Facility, LLCet al | |
|---|---|
| **NOTICE OF RETURN OF DOCUMENT(S)** | Case Number<br>CIVSB2116579 |

The Barnes Firm, LC
655 W. Broadway, Ste 940
San Diego, Ca 92101

Document is returned by the Court for the following reasons:

Petition of Gregorio Vitela is returned as it does not state Supplemental Petition and it is unclear if this was meant to be an independent filing.

**Please keep this notice attached when resubmitting. Thank you.**

Date: 6/16/2021                                          By:    Nicole Cartwright, Deputy Clerk

JULIA RIOS DE VITELA, deceased, et al.

Case No.: **CIV SB 2 1 1 6 5 7 9**

vs.

**CERTIFICATE OF ASSIGNMENT**

CAL-RED FACILITY LLC et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

■ General ☐ Collection

**Nature of Action** | **Ground**
1. Adoption | Petitioner resides within the district
2. Conservator | Petitioner or conservatee resides within the district.
3. Contract | Performance in the district is expressly provided for.
4. Equity | The cause of action arose within the district.
5. Eminent Domain | The property is located within the district.
6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district.
7. Guardianship | Petitioner or ward resides within the district or has property within the district.
8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district.
9. Mandate | The defendant functions wholly within the district.
10. Name Change | The petitioner resides within the district.
[x] 11. Personal Injury | The injury occurred within the district.
12. Personal Property | The property is located within the district.
13. Probate | Decedent resided or resides within or had property within the district.
14. Prohibition | The defendant functions wholly within the district.
15. Review | The defendant functions wholly within the district.
16. Title to Real Property | The property is located within the district.
17. Transferred Action | The lower court is located within the district.
18. Unlawful Detainer | The property is located within the district.
19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district.
20. Other _____
21. THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

ASISTENCIA VILLA REHABILITATION & CARE CENTER | 1875 Barton Rd.
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS

Redlands | CA | 92373
CITY | STATE | ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on June 4, 2021 at San Diego _____, California.

_____
Signature of Attorney/Party

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
ALLEN R. OGHASSABIAN, SBN 292653
CHRISTIAN R. OLIVER, SBN 313192
THE BARNES FIRM, LC
655 W. Broadway, Suite 940, San Diego, CA 92101

TELEPHONE NO. (800) 800-0000          FAX NO. (Optional):
ATTORNEY FOR (Name): JULIA RIOS DE VITELA, deceased, by and through her personal representative and successor in interest, GREGORIO VITELA; GREGORIO VITELA, individually; ELVIRA BOWER, individually; MELISSY VITELA, individually; and VALERIE WILKINS, individually

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center

CASE NAME: JULIA RIOS DE VITELA, deceased, et al. vs. CAL-RED FACILITY LLC, et al.

**FOR COURT USE ONLY**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 04 2021

BY _____
NICOLE CARTWRIGHT, DEPUTY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|

[X] Unlimited   [ ] Limited          [ ] Counter   [ ] Joinder
(Amount         (Amount
demanded        demanded is      Filed with first appearance by defendant
exceeds $25,000) $25,000)          (Cal. Rules of Court, rule 3.402)

CASE NUMBER: **CIV SB 2 1 1 6 5 7 9**
JUDGE
DEPT

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (specify): Four
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 4, 2021.

Christian R. Oliver, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
                                                                            Cal. Standards of Judicial Administration, std. 3.10