**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KATHLEEN M. WALKER, SB# 156128
  Email: Kathleen.Walker@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile:  213.250.7900

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LANN G. McINTYRE, SB# 106067
  Email: Lann.McIntyre@lewisbrisbois.com
RITA R. KANNO, SB# 230679
  Email: Rita.Kanno@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile:  619.233.8627

Attorneys for Defendants SILVERSCREEN HEALTHCARE INC. dba ASISTENCIA VILLA REHABILITATION AND CARE CENTER, erroneously named as Cal-Red Facility, LLC dba Asistencia Villa Rehabilitation and Care Center, and DIANE MACHAIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA RIOS DE VITELA, deceased, by and through her personal legal representative and successor in interest, GREGORIO VITELA; GREGORIO VITELA, individually; ELVIRA BOWER, individually; MELODY VITELA, individually; and VALERIE WILKINS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CAL-RED FACILITY, LLC dba ASISTENCIA VILLA REHABILITATION & CARE CENTER, a California Skilled Nursing Facility; and DIANE MACHAIN, an individual, DOES 1-25. inclusive,<br><br>Defendants. | Case No. 5:21-cv-01310-JGB-SP<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RITA R. KANNO**<br><br>**Date:** October 4, 2021<br>**Time:** 9:00 a.m.<br>**Crtrm:** 1 |

4838-6996-8117.1                                                                                              Case No. 5:21-cv-01310-JGB-SP
DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RITA R. KANNO

**TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on October 4, 2021, at 9:00 a.m., or as soon thereafter as the matter can be heard, before the Honorable Jesus G. Bernal, in Courtroom 1, at the George E. Brown, Jr. Federal Building and United States Courthouse, 3470 Twelfth Street, Riverside, California, 92501, Defendants SILVERSCREEN HEALTHCARE INC. dba ASISTENCIA VILLA REHABILITATION AND CARE CENTER, erroneously named as Cal-Red Facility, LLC dba Asistencia Villa Rehabilitation and Care Center, and DIANE MACHAIN (collectively "Defendants," and/or "Asistencia Villa, or "Ms. Machain") hereby submit this Motion for an order compelling Plaintiffs to arbitrate in binding arbitration the controversy alleged in the Complaint, and request for stay of this action to be heard, should the Court deny Defendant's Motion to Dismiss this action in its entirety.

The Motion and request for stay is based upon this Notice, the accompanying Motion to Compel Arbitration pursuant to the Federal Arbitration Act and/or Cal. Code Civ. P. §§ 1281, 1281.2, 1281.4, and 1290 et. seq., the Memorandum of Points and Authorities in support, the attached declaration of Rita R. Kanno, the attached exhibits, all pleadings, papers and records on file herein, and upon any oral argument of counsel at the time of the hearing of this Motion.

This motion is made following the conference of counsel pursuant to L.R.7-3, which Defendant commenced relative to Plaintiffs' Complaint in writing on August 4, 2021; Declaration of Rita. R. Kanno, filed herewith.

DATED: August 10, 2021            LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Rita R. Kanno*
Kathleen M. Walker
Lann G. McIntyre
Rita R. Kanno
Attorneys for Defendants
SILVERSCREEN HEALTHCARE INC. dba ASISTENCIA VILLA REHABILITATION AND CARE CENTER and DIANE MACHAIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As set forth in Defendants' Motion to Dismiss, Plaintiffs' claims should be dismissed in their entirety pursuant to the PREP Act. In the alternative, however, to the Motion to Dismiss pursuant to the PREP Act, Defendants move to compel arbitration of Plaintiffs' claims on the ground that a valid written arbitration agreements ("Arbitration Agreement") requires arbitration of Plaintiffs' claims. Thus, in the event Plaintiffs' claims are not dismissed pursuant to the PREP Act for the reasons set forth in Defendants' Motion to Dismiss, such claims should be compelled to arbitration in light of the Arbitration Agreement.

In 2020, as part of the original admission process to the long term care facility, admission documents and agreements related to behavioral health services provided to Ms. De Vitela by agreement with SILVERSCREEN HEALTHCARE INC. dba ASISTENCIA VILLA REHABILITATION AND CARE CENTER ("Asistencia Villa") were signed by Gregorio Vitela as the husband and legal representative for Julia Rios De Vitela. At Gregorio Vitela's direction and acting as Ms. De Vitela's legal representative, Ms. De Vitela's husband entered a voluntary, uncoerced and informed agreement that expressly requires Ms. De Vitela and her heirs to submit claims arising out of the services provided by Asistencia Villa, to binding arbitration. (*See* Exhibit "A"– Arbitration Agreement, attached to the Declaration of Rita Kanno "Decl."). Per the terms of the attached Arbitration Agreement, Plaintiffs are contractually bound to adjudicate this matter in binding arbitration. Plaintiffs cannot and must not be permitted to avoid their contractual obligation and thus the instant Motion to Compel Arbitration should be granted.

Governing law mandates that arbitration agreements such as those entered by Plaintiffs are presumed enforceable and rigorously enforced. *See Perry v. Thomas*, 482 U.S. 483, 490 (1987); *Berman v. Dean Witter & Co., Inc.*, 44 Cal. App. 3d 999, 1003 (1975). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in

favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983); *see also Pacific Investment Co. v. Townsend*, 58 Cal. App. 3d 1, 9-10 (1976).

Per the terms of the attached Arbitration Agreement, Plaintiffs are contractually bound to adjudicate this matter in binding arbitration and not in District Court. Plaintiffs cannot and must not be permitted to avoid their contractual obligation and thus the instant Motion to Compel Arbitration should be granted.

Failure to grant the instant Motion will allow Plaintiffs to use the judicial system to breach an otherwise valid and enforceable contract to arbitrate. Failure to grant the instant Motion will also deviate from the clear intent of the parties that disputes, such the instant dispute, be resolved by way of binding arbitration. Further, failure to compel arbitration would open the door to undermine all arbitration agreements after one party has relied upon its existence. Defendants are entitled to arbitration based on the strong public policy favoring arbitration as a means of resolving disputes because it is expeditious, inexpensive, and relieves overburdened courts. Accordingly, Defendants hereby respectfully request that the instant Motion be granted.

## II.   FACTUAL BACKGROUND

This is an action against a skilled nursing facility where Ms. De Vitela resided. Upon her admission to Asistencia Villa, Ms. De Vitela entered into an agreement for binding arbitration. Ms. De Vitela's husband signed the Arbitration Agreement on Ms. De Vitela's behalf as her agent in 2020.

The signed Arbitration Agreement provides that:

> It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury and instead are accepting the use of arbitration. Decl., Ex. A, Art. 1.

The Arbitration Agreement was executed by Ms. De Vitela's agent as attested to in the Agreement which established Ms. De Vitela's husband had the authority to execute legal and medical documents as the agent representative of Ms. De Vitela. (Decl., Ex. A.) Accordingly, Gregorio Vitela had the authority to execute and bind Plaintiffs to both the Arbitration Agreement and the Admission Agreements.

As clearly set forth above, the parties mutually agreed to arbitrate claims arising out of the care, treatment and services rendered to Ms. De Vitela, which is exactly what the Complaint on file herein asserts. Accordingly, Defendants respectfully request that the Court order all causes of action against the moving Defendants to be adjudicated in binding arbitration. Failure to compel arbitration will deviate from the clear intent of the parties that disputes, such as the instant dispute, be submitted to arbitration. Moreover, failure to compel arbitration will essentially permit Plaintiffs to use the judicial system to improperly assist in failing to honor a valid and enforceable contract. Accordingly, the instant Motion should be granted.

### III. GOVERNING LAW AND CALIFORNIA PUBLIC POLICY COMPEL ARBITRATION OF THIS MATTER

#### A. Legal Standard

Under the Federal Arbitration Act and California law, arbitration agreements such as that entered by Plaintiffs are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also* Cal. Code Civ. Proc. § 1281 ("A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such grounds as exist for the revocation of any contract"). Moreover, arbitration is a highly favored means of settling disputes, and the Supreme Court has stated that arbitration agreements "must be 'rigorously enforce[d].'" *Perry,* 482 U.S., at 490 (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985)) (alteration in *Perry); see also Berman*, 44 Cal. App. 3d at 1003 (observing that in

California "arbitration is highly favored as a method for the settlement of disputes" and collecting cases).

> "The [party seeking arbitration] bears the burden of proving the existence of a valid arbitration agreement by the preponderance of the evidence, and a party opposing the petition bears the burden of proving by a preponderance of the evidence any fact necessary to its defense." *Bridge Fund Capital Corp. v. Fastbucks Franchise,* 622 F.3d 996, 1005 (9th Cir. 2010) (quoting *Engalla v. Permanente Med. Group, Inc.,* 15 Cal. 4th 951, 972 (1997)); *Rosenthal v. Great Western Fin. Sec. Corp.,* 14 Cal. 4th 394, 413 (1996) (party opposing petition to compel arbitration by challenging enforceability of arbitration agreement bears burden of proving agreement is unenforceable)."

Governing authority also dictates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses*, 460 U.S. at 25; *Pacific Investment*, 58 Cal. App. 3d at 9-10 ("Courts should indulge every intendment to give effect to such proceedings and order arbitration unless it can be said with assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.") (internal citations omitted).

Courts have stated that arbitration agreements should be liberally interpreted and that arbitration should be ordered unless the agreement clearly does not apply to the dispute in question. *Weeks v. Crow*, 113 Cal. App. 3d 350, 353 (1980). *In Retail Clerks Union, Local 775 v. Purity Stores, Inc*., 41 Cal. App. 3d 225, 231 (1974), the court ordered arbitration, stating:

> "Doubts as to whether an arbitration clauses applies are to be resolved in favor of arbitration. [Citation] Arbitration should be ordered "unless it can be said with positive assurance that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute." [Citations]"

Clearly, this dispute is subject to arbitration as the Agreement on its face reflects that the parties have agreed to resolve any dispute by way of binding arbitration.

**The Resident and/or Resident's Representative/Agent certifies that he/she has read this Agreement and has been given a copy of this Agreement, and affirmatively represents that he/she is duly authorized, by virtue of the Resident's consent, instruction and/or durable power of attorney, to execute this Agreement and accept its terms on behalf of the Resident. The Resident and/or Resident's**

**Representative/Agent acknowledges that the Facility is relying on the aforementioned certification.**

<span style="color:red">NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE I OF THIS CONTRACT.</span>

Decl. Ex. A, emphasis added.

In *Ramirez*, the court stated, "Because of the nature of the warnings on the form, **a party attacking the arbitration agreement will doubtless have a difficult time**: she will have to explain **how her eyes avoided the 10-point red type above the signature lines**; she will have to explain why she did not ask any questions about what she was signing; she will have to show that no one...asked her to read it before signing it; and she will have to explain why she did not rescind the agreement within 30 days after it was signed.") (*Ramirez v. Sup. Ct.*, 103 Cal. App. 3d 746, 756-757; emphasis added). Gregorio Vitela's failure to do any of the above and his failure to take reasonable steps to read and understand what he executed does not render the Agreement invalid. As such, the Arbitration Agreement clearly are not unconscionable and should be enforced.

Furthermore, the action and certification of authority to act is action consistent with Cal. Civ. Code § 2295's definition of an agent. An agent is defined as "one who represents another, called the principal, in dealings with third persons." Agency may be inferred from circumstances and conduct of the parties. *Michelson v. Hamada*, 29 Cal. App. 4th 1566 (1994). By signing the Arbitration Agreement, Gregorio Vitela affirmatively represented he was his wife's agent and had the authority to act on her behalf. Accordingly, the instant Motion to Compel Arbitration should be granted.

**B.   The Claims Asserted In Plaintiffs' Complaint Are Explicitly Covered By The Arbitration Agreement**

Every cause of action in Plaintiffs' Complaint is encompassed by the Arbitration Agreement. Specifically, the Complaint asserts the following causes of

action arising out of the services provided by Asistencia Villa under the Agreement: 1. Elder Abuse; 2. Violation of Patient Rights; 3. Negligence; and 4. Wrongful Death. Gregorio Vitela agreed, however, that such claims would be resolved in arbitration:

> any dispute between Resident and Asistencia Villa Post Acute (Facility Name)…including any action for injury or death arising from negligence, intentional tort and/or statutory causes of action...will be determined by submission to arbitration…

Decl., Ex. A at Art. 2.

As the Court is aware, a party to a written contract is charged with having read and understood its contents. *Randas v. YMCA*, 17 Cal. App. 4th 158, 163 (1993). In fact, when a person with the capacity of reading and understanding an instrument signs it, she may not, in the absence of fraud, coercion or excusable neglect, avoid its terms on the ground that he failed to read it before signing it. *Bolanos v. Khalatian*, 231 Cal. App. 3d 1586, 1590 (1991). Accordingly, by executing the attached contract, the law presumes that Gregorio Vitela read and understood its terms and thus assented to the terms therein.

Since the claims asserted against the moving Defendants arises from, are related to, and/or have a connection with the care and services rendered to Ms. De Vitela, related to her agreement with Asistencia Villa, the subject Motion should be granted as that is what the parties clearly intended and contracted to take place; including all claims brought by her personal legal representative and successor in interest, Gregorio Vitela. Not only does the Agreement expressly reference that it applies to any and all claims, but it also expressly references heirs. *Ruiz v. Podolsky*, 50 Cal. 4th 838 (2010). Accordingly, Defendants respectfully request that the Court order this entire matter to binding arbitration.

Governing authority dictates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses*, 460 U.S. at 25. Here, where the asserted claims are *unambiguously* within the agreement's broad scope, which

includes *"any dispute between the parties,"* and specifically claims of Negligence, arbitration must be compelled.

### C. Plaintiffs are Bound By The Arbitration Agreement Because Gregorio Vitela Acting As Ms. De Vitela's Agent, Signed The Agreement On Ms. De Vitela's Behalf

It is clear that, in signing the Arbitration Agreement, Gregorio Vitela had the legal power as an agent to bind Ms. De Vitela to the agreement's terms.

An agency relationship is created where "the *principal* intentionally, or by want of ordinary care, [has caused] a third person to believe another to be his agent who is not really employed by him." *Pagarigan v. Libby Care Ctr., Inc.*, 99 Cal. App. 4th 298, 301-02 (2002) (quoting Cal. Civ. Code § 2300) (alterations and emphasis in *Pagarigan); see also Hogan v. Country Villa Health Servs.*, 148 Cal. App. 4th 259, 266 (2007) (the "decision to enter into optional revocable arbitration agreements in connection with placement in a health care facility, as occurred here, is a 'proper and usual' exercise of an agent's powers") (citing *Garrison v. Superior Court*, 132 Cal. App. 4th 253, 266 (2005)). Here, Gregorio Vitela was assigned as Ms. De Vitela's legal decisionmaker pertaining to decedent's admission at Asistencia Villa and signed the Arbitration Agreement. This demonstrates that Gregorio Vitela had the actual authority to sign the admissions documents, including the Arbitration Agreement.

When Gregorio Vitela signed the Arbitration Agreement, and all other related agreements, he was acting at all times as Ms. De Vitela's actual agent and he had no reason to do so otherwise. These facts create an agency relationship between Ms. De Vitela with respect to the Arbitration Agreement. As such, Plaintiffs, as the *successors in interest*, of Ms. De Vitela, are bound by the arbitration agreement that Gregorio Vitela signed on Ms. De Vitela's behalf. Decl. Ex. A.

### IV. CONCLUSION

Defendants have met the sole burden placed upon it by the law: demonstrating the existence of an arbitration agreement covering the asserted claims. That is all that

is needed to send this case to arbitration. Defendants therefore respectfully request that the Court issue an order (a) compelling arbitration of all claims in this action, and (b) staying all further proceedings in this action pending the outcome of binding arbitration.

DATED: August 10, 2021                    LEWIS BRISBOIS BISGAARD & SMITH LLP

              By: */s/ Rita R. Kanno*
                 Kathleen M. Walker
                 Lann G. McIntyre
                 Rita R. Kanno
                 Attorneys for Defendants
                 SILVERSCREEN HEALTHCARE INC. dba ASISTENCIA VILLA REHABILITATION AND CARE CENTER and DIANE MACHAIN

# DECLARATION OF RITA R. KANNO

I, Rita R. Kanno, hereby declare:

1. The following is of my own personal knowledge and if called to testify thereto, I could and would do so competently. I am an attorney at law, duly licensed to practice in the State of California. I am a partner at Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for Defendants SILVERSCREEN HEALTHCARE INC. dba ASISTENCIA VILLA REHABILITATION AND CARE CENTER, erroneously named as Cal-Red Facility, LLC dba Asistencia Villa Rehabilitation and Care Center, and DIANE MACHAIN (collectively "Defendants," and/or "Asistencia Villa, or "Ms. Machain").

2. On August 4, 2021, I served Plaintiffs' counsel, a meet and confer letter regarding Defendant's intent to file a Motion to Compel Arbitration, in compliance with United States District Court, Central District, Local Rule 7-3. A true and correct copy of this correspondence is attached as Exhibit 1 to Defendants' concurrently filed Motion to Dismiss.

3. Attached hereto as **Exhibit A** is a true and correct copy of the March 1, 2020 Arbitration Agreement pertaining to Ms. De Vitela, relating to her admission at Defendants' facility, Asistencia Villa.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 10, 2021, at San Diego, California.

*/s/ Rita R. Kanno*
Rita R. Kanno

4838-6996-8117.1

Case No. 5:21-cv-01310-JGB-SP

DECLARATION OF RITA R. KANNO

# EXHIBIT A

## RESIDENT-FACILITY ARBITRATION AGREEMENT

Resident Name: Rios de Vitela Julia

**Residents shall not be required to sign this arbitration agreement as a condition of admission to this facility.**

    Article 1. It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional right to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

    Article 2. It is further understood that any dispute between Resident and _____ Asistencia Villa Rosa ate _____(Facility Name), its owners, operators, officers, directors, administrators, staff, employees, agents, and any management company that provides services to the Facility that relates to the provision of care, treatment and services the Facility provides to the Resident (collectively referred to herein as "Facility"), including any action for injury or death arising from negligence, intentional tort and/or statutory causes of action (including all California Welfare and Institutions Code sections), will be determined by submission to binding arbitration as provided by California law, and not by lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Resident and Facility, as parties to this agreement, are giving up their Constitutional right to have a dispute under this Agreement decided in a court of law before a jury, and instead are accepting the use of binding arbitration.

    Article 3. The execution of this Arbitration Agreement is not a precondition to receiving medical treatment, care, services and/or for admission to the Facility.

    Article 4. This Agreement shall be binding for any dispute, except for disputes pertaining to collections or evictions brought by the parties hereto. This Agreement is binding on all parties, including the Resident's representatives, executors, family members, and heirs. The Resident's representatives, agents, executors, family members, successors in interest and heirs who execute this Agreement below on the "Resident Representative/Agent Signature" line are doing so not only in their representative capacity for the Resident, but also in their individual capacity and thus agree that any claims brought individually by the Resident's representatives, agents, executors, family members, successors in interest and heirs are subject to binding arbitration. This Agreement may be rescinded by written notice within thirty (30) days of signature.

    Article 5. <u>Retroactive Effect</u>. If Resident and/or Resident's Representative/Agent intends this Agreement to cover services rendered before the date of this contract is signed, Resident and/or Resident's Representative / Agent should initial here to make this contract effective as of the date of Resident's first admission into Facility.

G.V  (Initials)      R  (Initials)

4818-6004-7411.1

Article 6. Resident and Facility agree that California substantive law, including California Code of Civil Procedure §667.7 and Civil Code §§3333.1-3333.2 applies to any and all claims arising out of the care, treatment and services provided to the Resident by the Facility, including those claims outlined in Article 1 and Article 2. The parties agree that California Code of Civil Procedure §1281.2(c) is excluded from this Agreement as the parties mutually desire to have any and all disputes outlined in Article 1 and 2 submitted to binding arbitration. The parties do not want any claims not subject to arbitration to impede any and all other claims from being ordered to binding arbitration. The expenses and fees of the arbitrator(s) shall be apportioned equally among all parties to this Agreement except as otherwise permitted by law.

Article 7. This Agreement relates to Resident's admission to the Facility, and the Facility, among other things, participates in the Medicare and/or Medi-Cal programs and/or procures supplies from out of state vendors. The parties, therefore, agree that the underlying admission to the Facility involves interstate commerce. Accordingly, this Agreement invokes the Federal Arbitration Act.

Article 8. If any provision in this Agreement is held invalid, such holding shall not affect the validity of the remaining provisions of this Agreement.

The Resident and/or Resident's Representative/Agent certifies that he/she has read this Agreement and has been given a copy of this Agreement, and affirmatively represents that he/she is duly authorized, by virtue of the Resident's consent, instruction and/or durable power of attorney, to execute this Agreement and accept its terms on behalf of the Resident. The Resident and/or Resident's Representative/Agent acknowledges that the Facility is relying on the aforementioned certification.

NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.

_____ 3-1-2020     _____
Facility Representative's Signature (Date)     Resident's Signature (Date)

_____     _____Gregorio Vitela_____ 3-1-2020
Title     Resident Representative/Agent Signature (Date)

NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ALL CLAIMS, INCLUDING CLAIMS OTHER THAN A CLAIM FOR MEDICAL MALPRACTICE, DECIDED BY ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL.

_____ 3-1-2020     _____
Facility Representative's Signature (Date)     Resident's Signature (Date)

_____     _____Gregorio Vitela_____ 3-1-2020
Title     Resident Representative/Agent Signature (Date)

4818-6004-7411.1

**CERTIFICATE OF SERVICE**
*De Vitela, et al. v. Cal-Red Facility, LLC, et al.*
USDC-Central District, Case No. 5:21-cv-01310-JGB-SP

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 1700, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 10, 2021, I served the following document:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL BINDING ARBITRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RITA R. KANNO**

I served the document on the following persons at the following addresses (including fax numbers and email addresses, if applicable):

| | |
|---|---|
| Allen R. Oghassabian<br>Christian R. Oliver<br>The Barnes Firm, LC<br>655 W. Broadway, Suite 940<br>San Diego, CA 92101<br>**Attorney for Plaintiffs** | Tel: 800.800.0000<br>Fax: 888.800.7050<br>Email:<br>allen.oghassabian@thebarnesfirm.com<br>christian.oliver@thebarnesfirm.com |

The document was served by the following means:

☒ **(BY COURT'S CM/ECF SYSTEM)** The document was served by CM/ECF (excluding those not registered for CM/ECF who were served by mail or email, if applicable).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 10, 2021                    */s/ Kimberly Dammeyer*
                                                            Kimberly Dammeyer

4838-6996-8117.1                                              Case No. 5:21-cv-01310-JGB-SP
**CERTIFICATE OF SERVICE**